IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:18-cv-01031 |
| ) | |
| v. ) | |
| ) | |
| MA GUADALUPE VALENZUELA a/k/a ) | |
| MARIA GUADALUPE VALENZUELA ) | |
| a/k/a LUPE VALENZUELA individually ) | |
| and d/b/a SERVICIO DE INCOME TAX, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff, the United States of America, for its complaint against defendant Ma Guadalupe Valenzuela a/k/a Maria Guadalupe Valenzuela a/k/a Lupe Valenzuela, individually and doing business as Servicio de Income Tax, states as follows:

1. The United States brings this complaint pursuant to 26 U.S.C. (the Internal Revenue Code ("I.R.C.")) §§ 7402(a), 7407, and 7408 to enjoin Ma Guadalupe Valenzuela a/k/a Maria Guadalupe Valenzuela a/k/a Lupe Valenzuela ("Valenzuela") individually and doing business as Servicio de Income Tax, and anyone in active concert or participation with her, from:

   a. Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than herself;

   b. Preparing or assisting in preparing federal tax returns that she knows or reasonably should know would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

   c. Owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling,

1

        licensing, consulting with, or franchising a tax return preparation business;

    d.  Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

    e.  Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6701, or any other penalty provision in the Internal Revenue Code; and

    f.  Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Authorization

2. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to I.R.C. §§ 7402, 7407, and 7408.

## Jurisdiction And Venue

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and I.R.C. § 7402.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (2) because Valenzuela resides in this district and a substantial portion of the activities being complained of (as set forth below) occurred within this district.

## Background

5. Valenzuela is a tax return preparer doing business under the name Servicio de Income Tax ("SDIT"), which is a sole-proprietorship that Valenzuela owns and operates. SDIT has a mailing address of 2312 Southeast Blvd, Wichita, KS 67211.

6. At all times mentioned in this complaint, Valenzuela resided and currently resides in Wichita, Kansas. Valenzuela uses a Preparer Tax Identification Number ("PTIN") in her name to file tax returns for customers.

7. Valenzuela prepares and files federal income tax returns for customers in Wichita, Kansas. Valenzuela has been preparing tax returns since approximately 2000.

8. Valenzuela has no formal education in accounting or taxation.

9. Valenzuela has generated business through word-of-mouth referrals from her community and has filed hundreds of false federal income tax returns for customers in and around Wichita, Kansas.

10. In June 2016, the IRS sent Valenzuela a letter in which the IRS proposed assessing tax return preparer penalties under I.R.C. § 6694(b) against her for tax years 2013, 2014, and 2015. Under I.R.C. § 6694(b), a tax return preparer may be penalized for preparing tax returns in willful or reckless disregard for tax rules or regulations. The tax return preparer shall pay the greater of "$5,000, or 75 percent of the income derived (or to be derived) by the tax return preparer with respect to the return or claim" for each return for which a tax return preparer is penalized. (*See* I.R.C. § 6694(b)). Valenzuela did not respond to the IRS' letter.

11. In October 2016, Valenzuela was assessed penalties under I.R.C. § 6694(b) for preparing tax returns in willful or reckless disregard for tax rules or regulations during the 2013, 2014, and 2015 tax years. Valenzuela was assessed $85,000 for violations of I.R.C. § 6694(b) during the 2013 tax year, $90,000 for violations of I.R.C. § 6694(b) during the 2014 tax year, and $30,000 for violations of I.R.C. § 6694(b) during the 2015 tax year. Valenzuela has not made payments towards these liabilities.

12. Despite being assessed with the penalties referred to above, Valenzuela has continued to prepare fraudulent federal income tax returns.

13. Since at least 2002, Valenzuela has prepared numerous false federal income tax returns to understate her customers' true tax liabilities and/or obtain significant refunds for her customers.

## Bogus Child Tax Credits

14. Valenzuela claims false child tax credits on her clients' federal income tax returns. The amount of a tax credit is offset against a taxpayer's tax liability. The child tax credit is allowed up to $1,000 for each of the taxpayer's children that qualifies. (*See* I.R.C. § 24(a).) To be a qualifying child for purposes of the child tax credit, the child must satisfy a number of requirements, including that the child has lived with the taxpayer for over half of the tax year and is a U.S. citizen, U.S. national, or U.S. resident alien. (*See* I.R.C. § 24(c).)

15. The child tax credit is partially refundable. But a taxpayer must have at least $3,000 in earned income to be eligible for the refundable portion of the child tax credit. (*See* I.R.C. § 24(c).)

16. Valenzuela improperly claims the child tax credit on her customers' federal income tax returns to increase the amount of refund to which they are entitled. A taxpayer must have a qualifying dependent to claim the child tax credit. Valenzuela, however, claims the child tax credit on her customers' tax returns even though she knows her customers do not have a qualifying dependent, and are, therefore, not eligible to receive the credit.

## Intentionally Claiming an Improper Filing Status and Bogus Dependents

17. A taxpayer's filing status is used to determine the tax rate schedule by which the amount an individual owes in taxes is determined. (*See* I.R.C. § 1(a) – (d).) For example, if a

4

taxpayer meets certain requirements, a taxpayer may file as head of household, which increases the taxpayer's standard deduction over the deduction allowed by the single and married filing statuses. The higher the standard deduction, the more a taxpayer can reduce its reported taxable income. To be eligible to file as head of household, a taxpayer cannot have been considered married at the end of the tax year, must have paid more than half the expenses required to maintain a home, and must have supported a qualifying child or dependent during the tax year. (*See* I.R.C. § 2(b).)

18. Valenzuela prepares federal income tax returns reporting false filing statuses for her customers. Valenzuela improperly uses the "Head of Household" or "Single" filing statuses, both of which are unavailable to married couples living together. Specifically, the head of household filing status is claimed on her customers' income tax returns to increase the amount of the customers' standard deduction, when Valenzuela knows or should know the customers do not qualify for head of household filing status. Valenzuela's conduct causes the IRS to pay out larger refunds to her customers than they are entitled to receive.

19. Additionally, Valenzuela lists individuals who do not actually qualify as dependents on her customers' income tax returns. Taxpayers who can legally claim exemptions for dependents can reduce their taxable income, thereby decreasing their tax liability or increasing their refund. But Valenzuela frequently claims dependency exemptions when her customers did not provide over half of the claimed dependent's support, or the claimed dependent did not meet certain residency requirements. By including bogus dependency exemptions on her customers' tax returns, Valenzuela falsely decreases their taxable income.

**Examples Of Valenzuela's Widespread Penalty Conduct**

<u>Customer 1</u>

20. Valenzuela prepared Customer 1's ("C1") 2016 Form 1040 federal income tax return. C1 has no dependents that qualify for a child tax credit. C1 provided information to Valenzuela that reflected that the claimed dependents did not meet the residency requirements for claiming the child tax credit. Valenzuela, however, claimed four dependents for purposes of the child tax credit on C1's Form 1040 even though none of C1's children lived with C1 for more than half of the tax year, which is a requirement to qualify as a dependent for the child tax credit. Additionally, C1 was married in 2016 and informed Valenzuela that he was married. Valenzuela, however, falsely reported C1's filing status as head of household even though C1 was not eligible to file as head of household. As a result of the improper filing status, Valenzuela reduced C1's reported taxable income on his Form 1040 tax return, and, as a result of the phony child tax credits, Valenzuela reduced C1's tax liability, which allowed Valenzuela to claim a bogus refund of $4,093 for C1.

<u>Customer 2</u>

21. Valenzuela prepared Customer 2's ("C2") 2016 Form 1040 federal income tax return. C2 has no dependents that qualify for a child tax credit. C2 provided information to Valenzuela that reflected that the claimed dependents did not meet the residency requirements for claiming the child tax credit. Valenzuela, however, claimed four dependents for purposes of the child tax credit on C2's Form 1040. As a result of the phony child tax credits, Valenzuela was able to claim a bogus refund of $7,307 for C2.

**Customer 3**

22. Valenzuela prepared Customer 3's ("C3") 2016 Form 1040 federal income tax return. C3 has no dependents that qualify for a child tax credit. C3 provided information to Valenzuela that reflected that the claimed dependents did not meet the residency requirements for claiming the child tax credit. C3 also has no dependents that qualify for a dependency exemption. Valenzuela, however, claimed two dependents for purposes of the child tax credit and two dependency exemptions on C3's Form 1040. Additionally, Valenzuela listed C3's filing status as head of household when C3 should have filed as single; C3 does not have the qualifying child or dependent required to file as head of household. As a result of the phony child tax credits, dependency exemptions, and filing status, Valenzuela was able to claim a bogus refund of $1,059 for C3.

**Customer 4**

23. Valenzuela prepared Customer 4's ("C4") 2016 Form 1040 federal income tax return. C4 has no dependents that qualify for a child tax credit or for a dependency exemption. Valenzuela, however, claimed two dependents for purposes of the child tax credit and two dependency exemptions on C4's Form 1040. Additionally, Valenzuela listed C4's filing status as head of household when C4 should have filed as single. As a result of the phony child tax credits, dependency exemptions, and filing status, Valenzuela was able to claim a bogus refund of $3,834 for C4.

**Customer 5**

24. Valenzuela prepared Customer 5's ("C5") 2016 Form 1040 federal income tax return. C5 has no dependents that qualify for a child tax credit. C5 provided information to Valenzuela that reflected that the claimed dependents did not meet the residency requirements

for claiming the child tax credit. Valenzuela, however, claimed two dependents for purposes of the child tax credit on C5's Form 1040. Additionally, Valenzuela listed C5's filing status as head of household when C5 should have filed as single. As a result of the phony child tax credits and filing status, Valenzuela was able to claim a bogus refund of $3,575 for C5.

### Customer 6

25. Valenzuela prepared Customer 6's ("C6") 2016 Form 1040 federal income tax return, which was filed jointly with C6's spouse. C6 was not entitled to a dependency exemption. Nevertheless, Valenzuela claimed four dependency exemptions on the taxpayer's Form 1040 federal income tax return. Likewise, C6 has no dependents that qualify for a child tax credit. C6 provided information to Valenzuela that reflected that the claimed dependent did not meet the residency requirements for claiming the child tax credit. And yet, Valenzuela claimed one dependent for purposes of the child tax credit on C6's Form 1040 federal income tax return. As a result of the phony child tax credits and dependency exemptions, Valenzuela was able to claim a bogus refund of $2,134 for C6.

### Customer 7

26. Valenzuela prepared Customer 7's ("C7") 2016 Form 1040 federal income tax return, which was filed jointly with C7's spouse. C7 had one qualifying child for purposes of the child tax credit. C7 provided information to Valenzuela that reflected that two of the claimed dependents did not meet the residency requirements for claiming the child tax credit. Valenzuela, however, claimed three dependents for purposes of the child tax credit on C7's Form 1040. As a result of the phony child tax credits, Valenzuela was able to claim a bogus refund of $4,707 for C7.

**Customer 8**

27. Valenzuela prepared Customer 8's ("C8") Form 1040 federal income tax return for the 2016 tax year. C8 has no dependents that qualify for a child tax credit. C8 provided information to Valenzuela that reflected that the claimed dependent did not meet the residency requirements for claiming the child tax credit. Valenzuela, however, claimed one dependent for purposes of the child tax credit on C8's Form 1040. Also, Valenzuela listed C8's filing status as Head of Household, when C8 was only eligible to file as single. As a result of the phony child tax credits and improper filing status, Valenzuela was able to claim a bogus refund of $2,291 on C8's Form 1040.

**Customer 9**

28. Valenzuela prepared Customer 9's ("C9") 2016 Federal Form 1040 tax return, which was filed jointly with C9's spouse. C9 has no children that qualify for a child tax credit. C9 provided information to Valenzuela that reflected that the claimed dependent did not meet the residency requirements for claiming the child tax credit. Valenzuela, however, claimed one qualifying child for purposes of the child tax credit on C9's Form 1040. As a result of the phony child tax credit, Valenzuela was able to claim a bogus refund of $1,015 on C9's Form 1040.

**Harm to the United States**

29. Valenzuela harms the United States because the returns she prepares misrepresent her customers' income tax liabilities, and these returns claim refunds her customers are not entitled to receive.

30. The IRS has examined 59 tax returns prepared by Valenzuela from tax years 2013-2015 and calculated a tax loss to the government of at least $187,334. The IRS found that

Valenzuela understated her customers' liabilities or overstated their refund on 49 of the 59 Form 1040 tax returns (83%).

31. The scope of Valenzuela's misconduct is longstanding. The IRS estimates that since 2014 Valenzuela has filed more than 2,747 tax returns on behalf of her customers.

32. As set forth above, Valenzuela has continued to prepare fraudulent tax returns for tax year 2016 even after being assessed with penalties under I.R.C. § 6694(b) for willful or reckless preparation of false tax returns for tax years 2013, 2014, and 2015.

33. Valenzuela's customers have been harmed because they paid fees to prepare proper tax returns, but Valenzuela has prepared returns that substantially understated her customers' correct income tax liabilities or created or inflated improper tax refunds. Many customers now face large income tax deficiencies and may be liable for sizable penalties and interest.

34. In addition to the direct harm caused by preparing tax returns that understate her customers' tax liabilities and/or overstate their refunds, Valenzuela's fraudulent use of Child Tax Credits undermines public confidence in a statutory credit meant to provide tax relief to individuals with qualifying dependents.

35. As a result of Valenzuela's activities, the United States is harmed because the IRS must devote some of its resources to identifying her customers, ascertaining their correct tax liabilities, pursuing refunds erroneously issued, and collecting additional taxes and penalties.

36. Valenzuela's illegal conduct also causes intangible harm to honest tax return preparers because, by preparing returns that falsely or fraudulently inflate her customers' refunds, Valenzuela gains an unfair competitive advantage over tax return preparers who prepare returns in accordance with the law and who as a result may have fewer customers.

**COUNT I: Injunction Under 26 U.S.C. § 7407**

37. The United States incorporates by reference the allegations in paragraphs 1 through 36.

38. Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a tax return preparer from specified misconduct (which is described in IRC §§ 6694 and 6695, and IRC § 7407 itself) if the court finds that the preparer has engaged in such conduct and injunctive relief is appropriate to prevent the recurrence of such conduct. Additionally, if the court finds that a preparer has continually or repeatedly engaged in such conduct, and the court finds that a narrower injunction (i.e., prohibiting only specific enumerated conduct) would not be sufficient to prevent the person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from acting as a federal tax return preparer.

39. In order for a court to issue such an injunction, the court must find: (1) that the preparer has engaged in conduct subject to penalty under I.R.C. § 6694; and (2) that injunctive relief is appropriate to prevent the occurrence of the conduct.

40. Under I.R.C. § 6694(a), a tax return preparer is subject to penalty if he prepares a return or claim for refund understating a customer's tax liability based on a position for which there was not a reasonable belief that the position would more likely than not be sustained on the merits, and the preparer knew or should have known of the position.

41. Under I.R.C. § 6694(b), a tax return preparer is subject to penalty for a willful attempt in any manner to understate the liability for tax on the return or claim, or for a reckless or intentional disregard of internal revenue rules or regulations.

42. Under I.R.C. § 7701(a)(36), a "tax return preparer" is defined as a person who prepares for compensation or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

43. Valenzuela is a tax return preparer.

44. Valenzuela has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694 by preparing federal income tax returns that understate her customers' liabilities for which she knew or should have known there was no substantial authority, or willfully understated her customers' tax liabilities by claiming overstated refunds. Valenzuela took unreasonable positions for which there was no substantial authority and willfully filed false tax returns (I.R.C. § 6694(a)) and/or filed in reckless disregard of the tax rules or regulations (I.R.C. § 6694(b)).

45. Valenzuela's continual and repeated violations of I.R.C. § 6694 fall within I.R.C. § 7407(b)(1)(A) and (D). As explained above, Valenzuela prepares returns that understate tax liabilities and overstate refunds based on items reported on her customers' tax returns that are unreasonable, willful, reckless, and blatantly false. Thus, Valenzuela's conduct is subject to an injunction under I.R.C. § 7407.

46. If she is not enjoined, Valenzuela is likely to continue to prepare and file false and fraudulent tax returns, causing economic loss to the United States, causing the United States to commit finite resources to the examination of her customers, and exposing her customers to large liabilities that include penalties and interest.

47. Valenzuela's continual and repeated violations of I.R.C. § 6694 demonstrate that a narrow injunction prohibiting only specific conduct would be insufficient to prevent Valenzuela's interference with the proper administration of the internal revenue laws.

48. As explained above, Valenzuela continues to prepare false returns even after being assessed penalties under §6694(b) for tax years 2013, 2014, and 2015.

49. Thus, Valenzuela should be permanently barred from acting as a federal tax return preparer under I.R.C. § 7407.

## COUNT II:  Injunction Under 26 U.S.C. § 7408

50. The United States incorporates by reference the allegations in paragraphs 1 through 49.

51. Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under I.R.C. § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.  (I.R.C. § 7408(c)(1).)

52. Any person who advises or assists in the "preparation or presentation of any portion of a [federal tax] return . . . who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if it is so used) would result in an understatement of the liability for tax of another person," is subject to penalty under I.R.C. § 6701(a).

53. Valenzuela prepares federal tax returns for customers that she knows will understate her customers' correct tax liabilities.  Valenzuela knowingly prepares tax returns claiming false or inflated deductions or credits, such as the child tax credit and false dependency exemptions, and improper filing statuses.  Valenzuela's conduct is thus subject to penalty under I.R.C. § 6701(a).

54. If the Court does not enjoin Valenzuela, she is likely to continue to engage in conduct subject to penalty under I.R.C. § 6701.  Valenzuela's preparation of returns claiming improper dependency exemptions, credits, and filing statuses is widespread over many customers and tax years.  Injunctive relief is therefore appropriate under I.R.C. § 7408.

### COUNT III: Injunction Under 26 U.S.C. § 7402(a)

55. The United States hereby incorporates by reference the allegations in paragraphs 1 through 54.

56. Section 7402(a) of the Internal Revenue Code authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

57. As alleged above, Valenzuela has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

58. Unless enjoined, Valenzuela is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. If Valenzuela is not enjoined, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them, much of which may never be discovered and recovered. The United States will also suffer irreparable injury because it will have to devote substantial time and resources auditing Valenzuela's customers to detect future returns understating the customers' liability or overstating their refund.

59. While the United States will suffer irreparable injury if Valenzuela is not enjoined, she will not be harmed by being compelled to obey the law.

60. Enjoining Valenzuela is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Valenzuela's illegal conduct and the harm it causes the United States. The Court should therefore impose injunctive relief under I.R.C. § 7402(a).

**Relief Sought**

WHEREFORE, Plaintiff, the United States of America, prays for judgment on Counts I through III of the complaint as follows:

A. That the Court find that Valenzuela has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694 and has continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that injunctive relief is appropriate under I.R.C. § 7407 to bar her from acting as a federal tax return preparer or operating a business that prepares federal tax returns to prevent recurrence of that conduct and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B. That the Court find that Valenzuela has engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief is appropriate under I.R.C. § 7408 to prevent recurrence of that conduct;

C. That the Court find that Valenzuela engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a);

D. That the Court, pursuant to I.R.C. §§ 7402, 7407, and 7408, enter a permanent injunction prohibiting Valenzuela from:

    1. Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than herself;

    2. Preparing or assisting in preparing federal tax returns that she knows or reasonably should know would result in an understatement of tax

        liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

3. Owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation business;

4. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

5. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6701, or any other penalty provision in the Internal Revenue Code; and

6. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E. That the Court, pursuant to I.R.C. §§ 7402, 7407, and 7408, enter an injunction requiring Valenzuela to produce to counsel for the United States within 30 days a list that identifies by name, Social Security Number, address, e-mail address, telephone number, and tax period(s) all persons for whom Valenzuela prepared federal tax returns or claims for refund beginning in 2012 and continuing through this litigation;

F. That the Court, pursuant to I.R.C. §§ 7402, 7407, and 7408, enter an injunction requiring that Valenzuela, within 30 days and at her own expense, (i) contact by United States mail and, if an e-mail address is known, by e-mail, all persons for whom Valenzuela prepared a federal tax return beginning in 2012 and continuing through this litigation, to inform them of the permanent injunction entered against Valenzuela, including sending a copy of the order of permanent injunction but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court, and (ii) file with the Court, within 30 days of the date on which the permanent injunction is entered, a sworn certificate stating that she has complied with this requirement;

G. That the Court, pursuant to I.R.C. §§ 7402, 7407, and 7408, enter an injunction requiring Valenzuela to produce to counsel for the United States within 30 days copies of all federal income tax returns that Valenzuela prepared beginning in 2012 and continuing through this litigation;

H. That the Court, without further proceedings, authorize the IRS to immediately revoke any PTIN and/or EFIN held by, assigned to, or used by Valenzuela;

I. That the Court allow the United States to conduct post-judgment discovery to monitor compliance with the terms of any permanent injunction;

J. That the Court retain jurisdiction over Defendant and over this action to enforce any permanent injunction entered; and

K. That the Court grant the United States such other and further relief, including costs, as is just and equitable.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Samuel Peter Robins*_____
SAMUEL PETER ROBINS
WI Bar No. 1094149
JARED S. WIESNER
DC Bar No. 976856
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-307-0668 (v)/202-514-6770 (f)
Samuel.P.Robins@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Ma Guadalupe Valenzuela a/k/a Maria Guadalupe Valenzuela a/k/a Lupe Valenzuela individually and d/b/a Servicio de Income Tax

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sedgwick
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel P Robins  Jared S. Wiesner
Trial Attorney, U.S. Department of Justice, Tax Division
P.O. Box 7238; Washington, DC. 20044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7402(a), 7407, and 7408

Brief description of cause:
Suit for injunctive relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  02/05/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Samuel P. Robins

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE